UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                                                Crim. Case No. 88-80091

                                                            HONORABLE AVERN COHN

ERIC PAGANI-GALLEGO,

    Defendant.
_____/

## ORDER TRANSFERRING DEFENDANT'S MOTION TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT

I.

This is a criminal case. Before the Court is defendant's pro se motion for relief from judgment under Fed. R. Civ. P. 60(b)(4) and (6) on the grounds that his sentence should be vacated in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). For the reasons that follow, the motion will be transferred to the Court of Appeals for the Sixth Circuit.

II.

Defendant and a co-defendant were convicted on October 12, 1994 for conspiracy to possess with the intent to distribute cocaine, and aiding and abetting in the attempt to possess with the intent to distribute cocaine, in violation of 18 U.S.C. §§ 841(a)(1) and 846. On January 20, 1995, defendant was sentenced to 240 months imprisonment and ten (10) years supervised release. Defendant appealed. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. United States v. Fontao, 83 F.3d 423, 1996 WL 189306 (6th Cir. Apr. 18, 1996).

On April 28, 1997, defendant filed a motion under 28 U.S.C. § 2255, challenging his conviction and sentence on several grounds. The Court dismissed the petition. See Order dated December 18, 1997. Defendant appealed the dismissal; the Court of Appeals for the Sixth Circuit vacated the dismissal only as to defendant's ineffective assistance of counsel claim. The Court then considered defendant's claim, found that defendant's trial counsel rendered effective assistance, and again dismissed the petition. See Order dated July 9, 1999. The Sixth Circuit affirmed the dismissal. See Pagani-Gallego v. United States, No. 01-2115 (6th Cir. Sept. 2, 2003).

On November 5, 2007, defendant filed the instant motion.

III.

A Rule 60(b) motion for relief from judgment that challenges the substantive claims raised in the earlier petition "is the practical equivalent of a successive habeas corpus petition." McQueen v. Scroggy, 99 F.3d 1302, 1335 (6th Cir.1996). Thus, as a threshold matter, the Court must determine whether defendant's motion is properly brought pursuant to Rule 60(b) or whether it should be construed as a second or successive § 2255 motion. See Smith v. Anderson, 402 F.3d 718, 723 (6th Cir. 2005) (noting that " § 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or successive habeas petition"); 28 U.S.C. § 2255. The Supreme Court has stated that a Rule 60(b) motion should be construed as a habeas petition if "it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzales v.

2

Crosby, 545 U.S. 524, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005) (applying § 2254). On the other hand, a proper Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id.

Here, defendant seeks to vacate the Court's judgment on the grounds that his sentence violates the principles set forth by the Supreme Court in Booker. The motion unquestionably seeks to raise a substantive claim. Under the standard set forth in Gonzalez, therefore, the instant motion must be considered a second or successive petition under § 2255. Defendant has not obtained authorization pursuant to 28 U.S.C. § 2244(b)(3) to file such a motion and this Court lacks jurisdiction to consider Petitioner's second § 2255 motion. "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir.1997).

Accordingly, defendant's motion is TRANSFERRED to the Court of Appeals for the Sixth Circuit under to 28 U.S.C. § 1631.

SO ORDERED.


Dated: January 2, 2008          s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Eric Pagani-Gallego, #29357-004, FMC Devens, Unit H-B, P.O. Box 879, Ayer, MA 01432 on this date, January 2, 2008, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5160